Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
ZIBA YOUSSOFI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIBA YOUSSOFI<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT ONE FINANCIAL and DOES 1 through 25<br><br>Defendants. | Case No. **'15CV1764 AJB RBB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff ZIBA YOUSSOFI alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff, ZIBA YOUSSOFI (hereinafter referred to as "Plaintiff"), brings this lawsuit against CREDIT ONE FINANCIAL ("Defendant") and DOES 1 through 25 (collectively referred to as "Defendants"), for violations of the Telephone Consumer Protection Act ("TCPA"), and Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA").

- 1 -

COMPLAINT FOR DAMAGES

## II.
## PARTIES

2. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3. Plaintiff is a debtor as that term is defined by California Civil Code §1788.2(h) and a "person" as the term is defined under the TCPA.

4. Plaintiff is informed and believes that Defendant is and at all times mentioned herein was a corporation, who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant is a debt collector as defined under California law.

6. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 25, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

7. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions

hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). This court also has jurisdiction under 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the TCPA, and Rosenthal FDCPA. Because Defendants do business within the State of California, county of San Diego, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

11. In, or around 2015, Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

12. Plaintiff's alleged debt arose through a consumer credit transaction.

13. Defendant placed collection calls from telephone numbers, including, but not limited to: (855)-344-7841, (855)-213-5764, (888)-338-3804, (619)-357-4318, (619)-600-5695 and (619)-632-4078.

14. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (619)-XXX-8937. On numerous occasions Defendant would hang up without leaving a message identifying itself.

15. Per its business practices, each of Defendant's calls were placed using an automatic telephone dialing system or with an artificial or prerecorded voice.

16. On or about May 1, 2015 at around 9:22 a.m. Pacific Standard Time, Defendant called Plaintiff's cellular telephone and Plaintiff spoke with a female representative who identified herself as "Mida". In the course of the telephone phone call, Plaintiff requested that Defendant ceases placing collections calls to her cellular phone.

17. Plaintiff revoked any consent, express, or implied, to receive calls from Defendant in the course of the call on or about May 1, 2015.

18. Despite Plaintiff's request for Defendant to cease calling her cellular telephone, Defendant continued to place numerous collection calls (sometimes up to 10 calls per day) to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

19. On May 19, 2015 at around 1:38 p.m. Pacific Standard Time, Defendant called Plaintiff's cellular telephone, and this time Plaintiff spoke with a male representative, who did not disclose his identity. In the course of the telephone phone

call, Plaintiff requested that Defendant once again cease placing collections calls to her cellular phone.

20. Plaintiff again, revoked any consent, express, or implied, to receive calls from Defendant in the course of the call on May 19, 2015.

21. Despite Plaintiff's second request for Defendant to cease calling her cellular telephone, Defendant continued to place numerous collection calls (sometimes up to 10 calls per day) to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

22. Upon information and believe, Defendant placed approximately 200 or more telephone calls (sometimes up to 10 calls per day) to Plaintiff's cellular phone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A) after she had revoked her consent.

23. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A)(i).

## V.
## FIRST CAUSE OF ACTION
**(Negligent Violations of the TCPA against all Defendants)**

24. Plaintiff re-alleges paragraphs 1 through 23, above, as if fully set forth herein.

COMPLAINT FOR DAMAGES

25.     The forgoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

26.     As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

27.     As a result of Defendants' negligent violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

28.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VI.
## SECOND CAUSE OF ACTION
### (Knowing and/or Willful Violations of the TCPA against all Defendants)

29.     Plaintiff re-alleges paragraphs 1 through 28, above, as if fully set forth herein.

30.     The forgoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

COMPLAINT FOR DAMAGES

31. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

32. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

33. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VII.
## THIRD CAUSE OF ACTION
**(Violation of the Rosenthal FDCPA against Defendants)**

34. Plaintiff re-alleges paragraphs 1 through 33, above, as if fully set forth herein.

35. Any violation of the Federal Debt Collection Practices Act ("FDCPA") is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA. Stated differently, Civil Code section 1788.17 incorporates the FDCPA.

36. Defendants violated Civil Code section 1788.17 because it violated several provisions of the FDCPA.  Specifically, Defendants violated 15 U.S.C. sections 1692d, and 1692d(5).

COMPLAINT FOR DAMAGES

37. Defendants violated 15 U.S.C. section 1692d(5) because it contacted Plaintiff by telephone numerous times in an attempt to collect a debt. Defendant's acts in calling Plaintiff numerous times, at one point calling Plaintiff ten (10) times on her cellular telephone daily to collect a debt which was intentional causing harassment, annoyance, and abuse.

38. Defendants violated 15 U.S.C. section 1692d by making numerous telephone calls to Plaintiff, engaging in conduct the natural consequence of which Defendant was harassing, oppressing, and abusing Plaintiff.

39. Defendants also violated the Rosenthal FDCPA by violating California Civil Code section 1788.11(e). Defendants violated section 1788.11(e) by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment.

40. Defendants also violated the Rosenthal FDCPA by violating California Civil Code section 1788.11(d) because it contacted Plaintiff by telephone numerous times in an attempt to collect a debt. Defendants' communication was repeatedly and/or continuously to annoy Plaintiff.

41. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline

expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

42. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees under the Rosenthal FDCPA;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

DATED: August 10, 2015

**MASHIRI LAW FIRM**
A Professional Corporation

By: /s/Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
ZIBA YOUSSOFI

COMPLAINT FOR DAMAGES