UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ZIBA YOUSSOFI,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CREDIT ONE FINANCIAL, and DOES 1 through 10,<br><br>　　　　　　　　　Defendant. | Case No.: 15-CV-1764-AJB-RBB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY FOR IMMEDIATE INTERLOCUTORY APPEAL**<br><br>(Doc. No. 29) |
|---|---|

　　　Presently before the Court is Plaintiff Ziba Youssofi's ("Plaintiff") motion to certify for immediate interlocutory appeal. (Doc. No. 29.) Defendant Credit One Financial ("Defendant") opposes the motion. (Doc. No. 31.) Having reviewed the parties' arguments and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter appropriate for decision on the papers, without oral argument. Accordingly, the hearing currently set for <u>**November 3, 2016, at 2:00 p.m. in Courtroom 3B**</u> is hereby **VACATED**. For the reasons set forth below, the Court **GRANTS** the motion.

## **BACKGROUND**

　　　This dispute centers on Defendant's constant and continuous collection calls to

Plaintiff in 2015 arising from a credit card debt Plaintiff allegedly owed.[1] Plaintiff instituted this action on August 10, 2015, in response to those calls, alleging violations of the Telephone Consumer Protection Act and the Rosenthal Fair Debt Collection Practices Act. (Doc. No. 1.) Defendant answered the complaint, (Doc. No. 5), but subsequently moved for stay and to compel arbitration based upon the arbitration agreement that accompanied Plaintiff's credit card when the card was sent to her, (Doc. No. 10).

In opposition to Defendant's motion for stay, Plaintiff argued, among other things, that the Federal Arbitration Act ("FAA") violated her First Amendment right to petition the Court and her Seventh Amendment right to a jury trial. (Doc. No. 13 at 10–18; Doc. No. 24.) The Court ultimately granted Defendant's motion. (Doc. No. 27.) In doing so, the Court construed Plaintiff's challenges to the FAA's constitutionality as a constitutional waiver argument. (*Id.* at 7–8.) Specifically, the Court held that the FAA is merely an enforcement mechanism that does not act absent an existing, privately agreed-upon arbitration agreement. (*Id.* at 7.) Addressing Plaintiff's challenge as a constitutional waiver argument, the Court held that the four-factor test that typically applies to constitutional waivers did not apply in this case. (*Id.* at 8.) The Court found no unfairness in holding Plaintiff to the arbitration agreement's terms, which clearly informed her that agreement would replace her right to go to court, including her right to a jury trial. (*Id.* at 9.)

Plaintiff filed the instant motion to certify for immediate interlocutory appeal on July 27, 2016. (Doc. No. 29.) Plaintiff challenges the Court's holding that the constitutional waiver test is inapplicable in the context of arbitration agreements. (Doc. No. 29-1 at 2.) Defendant filed an opposition, (Doc. No. 31), and Plaintiff replied, (Doc. No. 32).

## **LEGAL STANDARD**

Under 28 U.S.C. § 1292(b), a party may move a district court to certify an order "not

---

[1] The Court summarized this case's background in the order granting Defendant's motion for stay entered July 7, 2016. (Doc. No. 27.) The Court assumes familiarity with that order and will therefore recite here only those facts necessary to understand the case's current posture with respect to the instant motion.

otherwise appealable" for interlocutory review. In order to certify the order, the Court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *Id.*; *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The moving party bears the burden of demonstrating these prerequisites. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). This burden is a heavy one, *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474–75 (1978), because "[§] 1292(b) is a departure from the normal rule that only final judgments are appealable[;] therefore [it] must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). However, in making this determination, "[a] district court has substantial discretion." *Hardt v. Direct Invest LLC*, No. 11-cv-1191-L(WVG), 2013 WL 494088, at *2 (S.D. Cal. Feb. 7, 2013).

## DISCUSSION

### I.   *Controlling Question of Law*

The first criterion is whether the order involves a "controlling question of law." 28 U.S.C. § 1292(b). A question is controlling if its resolution on appeal could have a material effect on the outcome of the case in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The Ninth Circuit has stated that fundamental questions of law, appropriate for interlocutory appeal, include "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *Id.* at 1026–27 (quoting *United States v. Woodbury*, 263 F.2d 784, 787–88 (1959)).

Plaintiff asserts a controlling question of law exists as to whether the four-factor constitutional waiver test applies to arbitration agreements because if it does apply and the Court determines she did not knowingly waive her constitutional rights, "[t]his could result in avoiding arbitration altogether[.]" (Doc. No. 29-1 at 5.) Defendant raises three arguments in response: (1) no controlling question of law exists because, as Defendant puts it, the Court previously concluded the issue of whether the waiver test applies "is not

relevant to the merits of [Defendant's] Motion to Compel Arbitration"; (2) the issue Plaintiff has identified is not controlling because its answer would not "terminate[] the action on the merits" or "materially affect the outcome of litigation in the district court"; and (3) the Court cannot reach Plaintiff's argument because the arbitration agreement delegates the issue to the arbitrator. (Doc. No. 31 at 4–5.)

Defendant's contentions carry no clout. First, the Court never held Plaintiff's waiver test argument to be irrelevant. Rather, the Court determined the waiver test need not be applied to arbitration agreements, relying on the Ninth Circuit's holding in *Cohen v. Wedbush, Noble, Cook, Inc.*, 841 F.2d 282 (9th Cir. 1988), *overruled on other grounds by Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931 (9th Cir. 2001).[2] The Ninth Circuit could disagree with the Court's conclusion in light of its application of the waiver test in other civil litigation contexts. *See, e.g.*, *Leonard v. Clark*, 12 F.3d 885, 889–90 (9th Cir. 1993).

As to Defendant's second argument, the Ninth Circuit has already rejected the position that a question is controlling only if "it determines who will win on the merits." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). Rather, a question of law may also be controlling "if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Id.* Here, if the Ninth Circuit disagrees with the Court's analysis and concludes that the four-factor waiver test applies

---

[2] Plaintiff clearly takes issue with the Court's reliance on *Cohen*, stating multiple times it "is no longer a published case, and is therefore not controlling authority." (Doc. No. 29-1 at 7; *see* Doc. No 32 at 5.) Plaintiff evidently confuses California's Rules of Court with those of the federal courts. Unlike the California state system, the federal system does not provide for a depublication process. Cal. Rule of Court 8.1125; *see also Hart v. Massanari*, 266 F.3d 1155, 1174 n.30 (9th Cir. 2001) ("California's management of precedent differs from that of the federal courts in another important respect: The California Supreme Court may 'depublish' a court of appeal opinion—*i.e.*, strip a published decision of its precedential effect."). To the extent Plaintiff is referring to the fact that *Cohen* was overruled by *Ticknor*, a cursory review of *Ticknor* would have revealed to Plaintiff that *Cohen* was overruled **only** to the extent the *Cohen* panel "h[e]ld that state law adhesion contract principles may not be invoked to bar arbitrability of disputes under the Arbitration Act." *Ticknor*, 265 F.3d at 941–42. In all other respects, *Cohen* remains binding authority.

1  to arbitration agreements, this Court may very well determine no knowing, voluntary, and
2  intelligent waiver has occurred. In that case, there would be no valid agreement to arbitrate;
3  thus, an arbitrator would "ha[ve] no power to decide the matter." *Id.*

4  Finally, the Court disagrees with Defendant's final contention that the Court cannot
5  reach the constitutional waiver issue. While it is true parties may delegate gateway issues
6  of arbitrability to the arbitrator, this can only be done where there is clear and unmistakable
7  evidence of the parties' agreement to do so. *AT&T Techs., Inc. v. Commc'ns Workers*, 475
8  U.S. 643, 649 (1986). As Defendant points out, the Court determined in its order
9  compelling arbitration that whether the arbitration agreement is unconscionable is an issue
10 the parties clearly and unmistakably delegated to the arbitrator. (Doc. No. 27 at 18–21.)

11 It does not necessarily follow, however, that the delegation provision's language—
12 "[c]laims subject to arbitration include, but are not limited to . . . the application,
13 enforceability or interpretation of this Agreement, including this arbitration provision,"
14 (Doc. No. 14-2 at 6)—also clearly and unmistakably delegates to the arbitrator whether
15 Plaintiff has knowingly, voluntarily, and intelligently waived her First Amendment rights.
16 The Court did not reach that issue, and under the Ninth Circuit's recent decision in *Martin*
17 *v. Yasuda*, it would appear this language is "*a fortiori* insufficient to show an intent that an
18 arbitrator decide the waiver [] issue and to overcome the presumption" that this issue is for
19 the Court and not the arbitrator to decide. *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir.
20 2016) (holding the language "[a]ll determinations as to the scope, enforceability and effect
21 of this arbitration agreement shall be decided by the arbitrator, and not by a court" to be
22 insufficient to clearly and unmistakably signal plaintiffs' agreement to delegate the
23 arbitrability of waiver by litigation conduct). This conclusion is bolstered by the fact that
24 "the federal courts [] are the final arbiters of federal constitutional rights," not arbitrators.
25 *Hopkins v. Bonvicino*, 573 F.3d 752, 769 (9th Cir. 2009).[3]

---

[3] And for good reason. It is a basic tenant of American jurisprudence that "arbitration awards have no precedential value." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*,

In sum, the Court rejects Defendant's three arguments that no controlling question of law exists. Rather, the Court follows *Kuehner* and concludes that whether the constitutional waiver test applies—the answer to which could result in sidestepping "needless expense and delay of litigating an entire case in a forum that has no power to decide the matter," *Kuehner*, 84 F.3d at 319—is a controlling question of law.

## II.  *Substantial Grounds for Difference of Opinion*

The second criterion is whether there is a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). A substantial ground for difference of opinion may exist when "the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (citations and internal quotation marks omitted.) As the Ninth Circuit recently noted, "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Plaintiff asserts substantial ground exists for difference of opinion because the constitutional waiver issue is one of first impression in this circuit. (Doc. No. 29-1 at 6.) Defendant contends no substantial ground exists because Plaintiff's cited authority evidences the fact that the Ninth Circuit "has the ability to apply, or not apply, the constitutional waiver doctrine to contracts as it deems appropriate"; thus, it "need not address whether the constitutional waiver doctrine applies to every specific type of contract

---

991 F.2d 141, 147 (4th Cir. 1993); *Smith v. Kerrville Bus Co.*, 709 F.2d 914, 918 n.2 (5th Cir. 1983) (same); *see also Gonce v. Veterans Admin.*, 872 F.2d 995, 998–99 (Fed. Cir. 1989) ("Courts should be careful not to 'judicialize' the arbitration process.").

in existence."[4] (Doc. No. 31 at 7.)

The Court agrees with Plaintiff that substantial ground exists here. While the Court believes its reliance on *Cohen* is sound, the *Cohen* panel did explain that the constitutional waiver test was "beside the point" because it was "not a criminal case." *Cohen*, 841 F.2d at 287. Yet the Ninth Circuit has subsequently applied the waiver test Plaintiff asserts is applicable here in the civil context, specifically in the context of a negotiated collective bargaining agreement. *Leonard*, 12 F.3d at 889–90.

The Court further finds the interplay between the liberal federal policy favoring arbitration on one hand and the strong presumption against waiver of constitutional rights on the other supports concluding that substantial ground exists. *Compare AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (noting the FAA "reflect[s] a 'liberal federal policy favoring arbitration'" (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983))), *with Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) ("'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights" (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937))). Given these competing policies, "fair-minded jurists might reach contradictory conclusions[.]" *Reese*, 643 F.3d at 688. The Ninth Circuit should be permitted the opportunity to debate this issue in the first instance.[5]

//

---

[4] Defendant also argues no substantial ground exists because the identified issue is not a controlling question of law and, even if it is, the arbitrator must decide the issue. (Doc. No. 31 at 6–8.) As discussed *supra*, the Court rejects both of these contentions. *See supra* Discussion Section I.

[5] Defendant's argument on this point—that the Ninth Circuit "has the ability to apply, or not apply, the constitutional waiver doctrine to contracts as it deems appropriate" and thus "need not address whether the constitutional waiver doctrine applies to every specific type of contract in existence," (Doc. No. 31 at 7)—is, frankly, nonsensical. The Ninth Circuit would not "ha[ve] the ability to apply, or not apply, the constitutional waiver doctrine" to the type of contract at issue in this litigation if the Court did not permit Plaintiff to make an interlocutory appeal.

### III. Whether Immediate Appeal Would Materially Advance the Litigation's End

The final criterion is whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. If, by contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. *See Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).

Plaintiff contends an interlocutory appeal will advance the litigation's ultimate termination because a finding that the constitutional waiver test applies and no knowing, voluntary, and intelligent waiver was made would avoid unnecessary arbitration proceedings. (Doc. No. 29-1 at 8–9.) Defendant responds that "[c]ertifying an appeal could cause the trial of this case to be put off for years" because the Ninth Circuit's website reflects "a civil appeal could take anywhere from 12 to 20 months from the notice of appeal date[.]" (Doc. No. 31 at 8–9.)

The Court again agrees with Plaintiff. As noted above in the Court's discussion of whether a controlling question of law exists, certifying the Court's order compelling arbitration could result in sidestepping "needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kuehner*, 84 F.3d at 319; *see also Mann v. Cnty. of San Diego*, No. 3:11-cv-0708-GPC-BGS, 2016 WL 245480, at *3 (S.D. Cal. Jan. 21, 2016) ("The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law. . . . [Q]uestions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial. . . . If present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate." (citation omitted)).

Defendant asserts interlocutory appeal would work to delay trial in this case because of the time the case will spend on the Ninth Circuit's docket. (Doc. No. 31 at 9.) The Court finds Defendant's position meritless for two reasons. First, if the length of time spent on

appeal were sufficient to defeat a motion for interlocutory appeal, no such appeal could ever be taken. Second, as noted above, present appeal "involves the possibility of avoiding [arbitration] proceedings[.]" *Mann*, 2016 WL 245480, at *3. The Court finds this sufficient for purposes of the present motion.[6]

## CONCLUSION

In sum, the Court finds Plaintiff has carried her heavy burden on all three factors. Accordingly, the Court **GRANTS** Plaintiff's motion to certify for interlocutory appeal. (Doc. No. 29.) The Court's analysis of Plaintiff's constitutional waiver argument in its order dated July 7, 2016, (Doc. No. 27 at 6–9), is hereby **CERTIFIED** for interlocutory appeal to the United States Court of Appeals for the Ninth Circuit pursuant to 9 U.S.C. § 16(b) and 28 U.S.C. § 1292(b).

**IT IS SO ORDERED.**

Dated:  October 28, 2016

Hon. Anthony J. Battaglia
United States District Judge

---

[6] The Court acknowledges that *Shurance* provides some support from Defendant's position. In that case, the Ninth Circuit denied a § 1292(b) petition for review of the district court's denial of a motion to disqualify counsel in part because "an interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed [in four months], when trial is currently set." *Shurance*, 839 F.2d at 1348. However, the Court finds the instant matter differs from *Shurance* in one significant respect: if the Ninth Circuit determines immediate appeal is appropriate in this case and ultimately agrees with Plaintiff, that determination would divest the arbitrator of any authority to decide Plaintiff's claims. This is unlike in *Shurance* where the Ninth Circuit's decision of a § 1292(b) petition would have no impact on the district court's jurisdiction. For this reason, the Court finds *Shurance* distinguishable.